IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DARWIN MONTANA,
#10006-424,

Petitioner,

vs.

T. G. WERLICH,

Respondent.                                   Case No. 17-cv-584-DRH

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Darwin Montana, an inmate who is currently incarcerated in the Federal Correctional Institution located in Greenville, Illinois ("FCI-Greenville"), filed this habeas corpus action pursuant to 28 U.S.C. § 2241 in order to challenge the constitutionality of his confinement. (Doc. 1). Relying on *Mathis v. United States*, -- U.S. --, 136 S.Ct. 2243 (2016) and other recent decisions, Montana asserts that his prior Illinois robbery conviction should not have been used to impose an enhanced sentence under the career offender sentencing guidelines. (Doc. 1, p. 1).

This matter is now before the Court for preliminary review of the habeas petition. Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the

1

judge shall make an order for its summary dismissal and cause the petitioner to be notified." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. Without commenting on the merits of Montana's claims, the Court finds that the Petition survives preliminary review under Rule 4 and Rule 1(b).

## I. Background

Following a jury trial on June 11, 1998, Montana was convicted of aiding and abetting a bank robbery in which an accomplice used a firearm, in violation of 18 U.S.C. §§ 2113 and 924(c). *See United States v. Dodd, et al.*, No. 98-cr-00054-2 (N.D. Ill. 1998) (Doc. 35) ("criminal case"). Montana was deemed to be a career offender under U.S.S.G. §§ 4B1.1-.2 based upon a prior Illinois robbery conviction. As such, he was sentenced to the Federal Bureau of Prisons for a term of 262 months on Count 2 and a consecutive term of 60 months on Count 3. (Doc. 72, criminal case). The sentence was affirmed on appeal. *United States v. Montana*, 199 F.3d 947 (7th Cir. 1999).

Montana filed a motion pursuant to 28 U.S.C. § 2255 to challenge his conviction and sentence. *United States v. Montana*, No. 01-cv-03098 (N.D. Ill. 2001) (Doc. 1). The district court dismissed the § 2255 Motion, and the Seventh Circuit affirmed the decision. (Docs. 8, 17). Montana then filed a series of motions for reduction of sentence, which were all denied.

In 2014, Montana filed a Petition for Writ of Habeas Corpus Pursuant To 28 U.S.C. § 2241. *See Montana v. Cross*, No. 14-cv-1019-DRH (S.D. Ill. 2014) (Doc.

1) (first § 2241 Petition). He attacked his conviction under § 924(c) for use of a firearm in a crime of violence based on the Supreme Court's decision in *United States v. Rosemond*, 134 S.Ct. 1240 (2014). The district court dismissed the first § 2241 Petition on the merits at screening because it did not trigger the "savings clause" under § 2255(e). The district court's decision was affirmed on appeal. *Montana v. Cross*, App. No. 14-3313, 2016 WL 3910054 (7th Cir. July 19, 2016) (Doc. 5).

The following year, Montana filed another Petition for Writ of Habeas Corpus Pursuant To 28 U.S.C. § 2241. *Montana v. Cross*, No. 15-cv-00470-DRH-CJP (S.D. Ill. 2015) (Doc. 1) (second § 2241 Petition). In the second § 2241 Petition, he challenged the loss of good conduct credit resulting from an adverse disciplinary ruling. (Doc. 1). The case is currently pending. (Doc. 4).

Following the United States Supreme Court's decision in *Johnson v. United States*, -- U.S. --, 135 S.Ct. 2551 (2015), Montana sought permission from the Seventh Circuit Court of Appeals to file a second or successive § 2255 Motion. *Montana v. United States*, App. No. 16-1374 (7th Cir. 2016) (Doc. 1). In an Order dated March 15, 2016, the Seventh Circuit denied his application after concluding that he did not qualify for relief because he was not sentenced under the residual clause of the Armed Career Criminal Act that was deemed unconstitutional in *Johnson*. (Doc. 7). His crime of conviction and two predicate offenses instead qualified him for an enhanced sentence under the elements test in U.S.S.G. § 4B1.2(a)(1). *Id.* Because Montana's sentence was "unaffected by *Johnson*," his

request to challenge it on this basis was denied. *Id.*

Despite the Seventh Circuit's ruling, Montana filed another Petition for Writ of Habeas Corpus Pursuant To 28 U.S.C. § 2241 on May 23, 2016. *Montana v. Werlich*, No. 16-cv-00564-DRH (S.D. Ill. 2016) (Doc. 1) (third § 2241 Petition). In his third § 2241 Petition, Montana argued that his sentence was unconstitutional under *Johnson* and *Welch v. United States*, 578 U.S. --, 136 S.Ct. 1257 (Apr. 18, 2016), because the ACCA's residual clause was found unconstitutionally vague and the holding was retroactively applicable. (Doc. 1). As such, the third § 2241 Petition triggered the "savings clause" of § 2255(e). The district court dismissed the third § 2241 Petition on two grounds: (1) Montana relied on a case that announced a new substantive rule of law and therefore fell within the scope of § 2255; and (2) the Seventh Circuit previously denied him leave to proceed with an application to file a successive collateral attack under § 2255. (Doc. 5). The Seventh Circuit affirmed the judgment of the district court on appeal. *Montana v. Werlich*, App. No. 16-3066 (7th Cir. 2016) (Doc. 10). The fourth § 2241 Petition followed.

## II. Habeas Petition

In the instant § 2241 Petition, Montana challenges his enhanced sentence under U.S.S.G. § 4B1.2(a)(1). (Doc. 1). He maintains that his prior Illinois robbery conviction, now codified at 720 ILCS § 5/18-1(a), no longer supports an enhanced sentence under *Mathis v. United States*, 136 S.Ct. 2243 (2016) and related cases. (Doc. 1, pp. 3-7).

### III.  Discussion

Generally, a federally convicted person may challenge his conviction and sentence by bringing a motion pursuant to § 2255 in the court that sentenced him. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013) (citing *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012)).  A § 2255 motion is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003).  However, the statute generally limits a prisoner to one challenge of his conviction and sentence under § 2255, and Montana has already filed a § 2255 motion.

A prisoner may not file a "second or successive" motion unless a panel of the appropriate court of appeals certifies that such motion contains either: (1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense;" or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).  Montana did not seek leave to file a second or successive § 2255 motion to pursue the arguments he now makes under *Mathis* because he claims that he was foreclosed from doing so.

Section 2255(e) contains a "savings clause," which authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention."  *See* 28 U.S.C. § 2255(e); *United*

States v. Prevatte, 300 F.3d 792, 798-99 (7th Cir. 2002). When considering whether a remedy is "inadequate or ineffective," the Seventh Circuit has held that a federal prisoner should be permitted to seek relief under § 2241 "only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." In re Davenport, 147 F.3d 605, 611 (7th Cir. 1998). Section 2255 is inadequate or ineffective when three requirements are met: (1) the petition relies on a new case of statutory interpretation rather than a constitutional decision; (2) the case was decided after his first § 2255 motion but is retroactive; and (3) the alleged error results in a miscarriage of justice. Brown v. Caraway, 719 F.3d at 586; Brown v. Rios, 696 F.3d at 640; Hill v. Werlinger, 695 F.3d 644, 645 (7th Cir. 2012).

Montana claims that he is one of those for whom the § 2255 motion is inadequate or ineffective to test the legality of his detention. He relies on Mathis v. United States, -- U.S. --, 136 S.Ct. 2243 (2016), Welch v. United States, 578 U.S. --, 136 S.Ct. 1257 (2016), and Begay v. United States, 553 U.S. 137 (2008), among other cases. In Mathis, the Supreme Court held that an Iowa burglary statute allowing for a conviction based on entry into a vehicle was too broad to qualify as a "generic burglary," which requires that the unlawful entry must have been made to a building or other structure. Because the Iowa statute was not "divisible" into distinct elements according to where the crime occurred, the Court held that a conviction under that state law could not be used as a predicate offense to

6

enhance a federal defendant's sentence under the burglary clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii). *Mathis*, 136 S.Ct. at 2250-51. *See also United States v. Haney*, 840 F.3d 472, 475-76 (7th Cir. 2016).

*Mathis* is a statutory interpretation case, satisfying the first *Davenport* requirement. *See Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016) (Because *Mathis* "is a case of statutory interpretation," claims based on *Mathis* "must be brought, if at all, in a petition under 28 U.S.C. § 2241."); *Jenkins v. United States*, No. 16-3441 (7th Cir. Sept. 20, 2016) ("Mathis is not amenable to analysis under § 2244(b) because it announced a substantive rule, not a constitutional one.").

The § 2241 Petition also satisfies the second *Davenport* requirement. Montana certainly could not have relied on this case in his original § 2255 motion because the decision was announced on June 23, 2016, long after the § 2255 Motion was denied. Moreover, the Seventh Circuit has indicated that *Mathis* announced a substantive rule and, under controlling precedent, is retroactively applicable. *See Dawkins*, 829 F.3d at 551 (7th Cir. 2016); *Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016); *Narvaez v. United States*, 674 F.3d 621, 625 (7th Cir. 2011).

Finally, the alleged increase in Montana's sentence based on the career offender enhancement (which relied on the Illinois robbery conviction) could be deemed a miscarriage of justice. Under the circumstances, the Petition facially satisfies the *Davenport* requirements and warrants further review.

The Court notes, however, that "[t]he Supreme Court's decision in *Mathis* dealt with the Armed Career Criminal Act (ACCA), not the federal sentencing Guidelines." *United States v. Hinkle*, 832 F.3d 569, 574 (7th Cir. 2016). Accordingly, it is unclear whether *Mathis* applies to Montana's sentence, where the sentence enhancement was based on the advisory sentencing guidelines and not the ACCA. The Supreme Court recently held that the residual clause in U.S.S.G. § 4B1.2(a) was not subject to a vagueness challenge, distinguishing a sentence imposed under the advisory guidelines from a sentence imposed under the residual clause of the ACCA statute. *Beckles v. United States*, No. 15-8544, 2017 WL 855781 (Mar. 6, 2017) (distinguishing *Johnson,* 135 S.Ct. 2551 (2015)).

Given the limited record before the Court and the still-developing application of *Mathis*, it is not plainly apparent that relief is unwarranted. *See* Rule 4 of the Rules Governing § 2254 Cases in United States District Courts. Therefore, the Court deems it appropriate to order a response to the Petition.

### IV. Disposition

**IT IS HEREBY ORDERED** that Respondent Warden T. G. Werlich shall answer the Petition or otherwise plead within thirty (30) days of the date this order is entered (on or before September 8, 2017).[1] This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the

---

[1] The response date Ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only. *See* SDIL-EFR 3.

Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate **Judge Clifford J. Proud** for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: August 9, 2017.

Digitally signed by Judge David R. Herndon
Date: 2017.08.09 12:22:31 -05'00'

**United States District Judge**