## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

DARWIN MONTANA,

Petitioner,

v.

No. 17-cv-0584-DRH

T.G. WERLICH,

Respondent.

## MEMORANDUM and ORDER

HERNDON, District Judge:

### I.    Introduction

Pending before the Court is a July 27, 2018 Report and Recommendation ("the Report") issued by Magistrate Judge Clifford J. Proud (Doc. 19). The Report recommends the Court grant respondent's motion to dismiss (Doc. 12).[1] Based on the applicable law, the record and the following, the Court **ADOPTS** the Report in its entirety.

### II.    Background

Petitioner Darwin Montana brought this habeas corpus action pursuant to 28 U.S.C. § 2241 (Doc. 1).[2]   Relying on *Mathis v. United* States, -- U.S. --, 136

---

[1] The parties were allowed time to file objections after the Report was entered.  Further, the Court extended the time for Montana to file an objection once and denied his subsequent requests for extensions of time.

[2] The Court notes that this is Montana's fourth habeas corpus petition pursuant to § 2241.  *See Montana v. Cross*, 14-1019-DRH; *Montana v. Cross*, 15-0470-DRH; and *Montana v. Werlich*, 16-564-DRH.  All of these habeas corpus petitions have been dismissed with prejudice.

S.Ct. 2243 (2016), Montana challenges his enhanced sentence as a career offender arguing that one of his prior Illinois convictions for robbery no longer qualifies as a crime of violence for the purposes of the career offender enhancement under U.S.S.G. § 4B1.1. On August 9, 2017, the Court conducted its preliminary review of petitioner's petition stating: "[w]ithout commenting on the merits of Montana's clams, the Court concludes that the Petition survives prelimay review under Rule 4 and Rule 1(b)." (Doc. 3, p. 2).

On November 13, 2017, respondent Werlich filed a motion to dismiss on the grounds "that 1991 robbery that served as one of the predicate crimes of violence for career offender sentencing purposes remains a crime of violence and was properly used by the district court in sentencing Montana as a career offender. At the time of Montana's sentencing in 1998, the Seventh Circuit recognized Illinois robbery as a crime of violence under *both* the elements clause and the residual clause. *See United States v. Carter*, 910 F.2d 1524, 1532 (7th Cir. 1990). … Robbery remains a "violent felony" under the elements clause of the ACCA and remains a "crime of violence" under the elements clause of the career offender guideline. Thus, Montana cannot meet all the conditions that must be met before a § 2241 petition may be used to attack a conviction or sentence pursuant to § 2255(e)'s "savings clause," as set forth in *In Re Davenport*, 147 F.3d 605, 610-12 (7th Cir. 1998). Montana cannot establish that "his period of incarceration exceeds that permitted by the law and constitutes a miscarriage of justice." *Brown v. Caraway,* 719 F.3d 583, 587 n.1 (7th Cir. 2013)." (Doc. 12, ps.

4-5).  On November 15, 2017, Magistrate Judge Proud allowed Montana up to and including January 3, 2018 to file a response to the motion to dismiss (Doc. 13). Montana filed his response on December 27, 2017 (Doc. 14).

On July 27, 2018, Magistrate Judge Proud submitted the Report regarding the motion to dismiss and recommends that the Court grant the motion.

### III.    Analysis

The Court's review of the Report is governed by 28 U.S.C. § 636(b)(1), which provides in part:

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b) also directs that the Court must only make a *de novo* determination of those portions of the report and recommendation to which specific written objection has been made.  *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).  If no objection or only a partial objection is made, the Court reviews those unobjected to portions for clear error. *Id*. In addition, failure to file objections with the district court "waives appellate review of both factual and legal questions." *Id*. Under the clear error standard, the Court can only overturn a Magistrate Judge's ruling if the Court is left with "the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).

As the Court previously extended the time for Montana to file objections to

the Report up to and including September 7, 2018, and then denied his extensions of time to respond, the Court will consider his petition and the arguments raised in his opposition to the motion to dismiss as timely filed objections to the Report and will conduct *de novo* review of the Report.

As highlighted in the Report,

> It now becomes evident why petitioner does not argue that neither of his Illinois robbery convictions qualifies as predicate crimes of violence. Both convictions were under the same Illinois statute. As the transcript of his state court sentencing makes clear, petitioner used force in the second robbery in that he "grabbed the [13 year old] victim's arm . . . and he grabbed her chains from her neck and her neck was red and swollen." Doc. 12, Ex. 2, p. 8. If petitioner 's argument were based on the language of the statute and not on the facts of the crime, he would challenge the use of both of his robbery convictions.
>
> Because petitioner asks this Court to look at the facts of his crime, his argument is not based on *Mathis*. Rather, it contradicts *Mathis*. In keeping with established precedent, *Mathis* holds that the court looks not to the facts of the prior crime but to the statutory elements of the prior conviction. *Mathis*, 136 S.Ct. at 2248.
>
> Under *Davenport*, in order to trigger the saving clause, a petitioner must first rely on a new case of statutory construction. This means that the argument set forth in the § 2241 petition must actually flow from the new case of statutory construction. If not, the savings clause of § 2255(e) would be rendered meaningless. Petitioner's argument here does not flow from *Mathis*; it is foreclosed by *Mathis*. And, petitioner's argument is not new. It is an argument that he could have raised on direct appeal or in his first § 2255 motion. Although the argument was not likely to have succeeded, he was not prevented from raising it by any structural inadequacy in § 2255. Therefore, he does not meet the *Davenport* requirements and his petition does not fit within the savings clause.

(Doc. 19, ps. 7-8).

Here, the Court agrees with Werlich's argument and Magistrate Judge Proud's application of the law. The law of the Seventh Circuit is clear that under Illinois law robbery is a crime of violence under the elements clause and because

Montana does not actually rely on a new case of statutory construction he is not entitled to relief. A prior crime qualifies as a predicate "if its elements are the same as, or narrower than, those of generic offense." *Mathis*, 136 S. Ct. at 2247. Clearly, Montana does not and cannot satisfy the savings clause of *Davenport* and he is not entitled to relief under Section 2241.

### IV.  Conclusion

Accordingly, the Court **ADOPTS** the Report (Doc. 19). The Court **GRANTS** Werlich's motion to dismiss (Doc. 7) and **DISMISSES with prejudice** Montana's habeas corpus petition pursuant to 28 U.S.C. § 2241. Also, the Court **GRANTS** respondent's motion for leave to transfer prisoner (Doc. 20) and **DENIES as** moot Montana's motions for motion for leave to transfer (Doc. 25) and motion to stay at Greenville (Doc. 26). Lastly, the Court **DIRECTS** the Clerk of the Court to enter judgment.

**IT IS SO ORDERED.**

Judge Herndon
2018.09.10
09:59:57 -05'00'

**United States District Judge**